## BONHAM v. BISHOP.

### SAME v. KING.

### SAME v. BALLARD.

1. Where the defendants, in action for the recovery of real property, admit that the plaintiffs are the heirs at law of a person who once had title, but claim the title now to be in themselves, the *onus* is upon the defendants to prove their title.

2. Judgment, execution, levy, and sale are all links in the chain of title to property purchased at sheriff's sale; and while generally a purchaser is not required to look into the regularity of the process under which the sale is made, this is not so where the process is absolutely void, or where the purchaser is the plaintiff in the execution.

3. Parties cannot claim the ownership of a tract of land under a judgment in their favor in a former action of trespass to try titles, and at the same time claim it as purchasers at sheriff's sale, under their own execution issued for the damages and costs only, in the same case; the two claims are absolutely inconsistent.

4. A purchaser of land at a tax sale in 1867 was not entitled to recover the land for a longer term than seven years, under the act of 1791. 7 *Stat.*, 277.

5. A vested remainder or reversionary interest in land is, before it vests in possession, the subject of levy and sale under execution, and it is not necessary to state in the levy or in the deed the nature of the interest so levied and sold. MR JUSTICE McGOWAN *not concurring*, under the facts of this case.

6. The judgment in a case tried by a jury cannot be affirmed upon grounds not submitted to the jury. If the instructions were erroneous, and yet not immaterial, there must be a new trial.

Before HUDSON, J., Spartanburg, November, 1883.

The facts of this case appear in the opinion of the court. The judge's charge was as follows :

By the pleadings the title to the land is put in issue, and this casts upon the plaintiffs the burden of showing a perfect title in themselves. They must recover upon the strength of their own title, and not upon the weakness of that of their adversaries. A perfect title must be traced to a grant from the State. In the absence of a grant, a title may rest upon the presumption of a grant. A grant will be presumed when it is in proof that for twenty years or more, citizens of the State, one or more, have been in the actual occupancy of the land, openly and notoriously claiming the same adversely to all persons. Connection with such a title by possession will dispense with the necessity of proving a grant. In the present case the plaintiffs have shown a grant from the State to their ancestor, Ephraim Bonham, in 1852, and his possession of the land thereunder until his death intestate in 1869, and, besides this, they have shown that for forty years or more their said ancestor actually used and occupied the premises as his own.

This is sufficient proof of title in their ancestor, and through him in themselves, and will entitle them to recover, unless the defendants show a superior title. This they claim to have done by proof of the recovery of this land from Ephraim Bonham by R. E. Cleveland and J. L. & A. Hill, and by connecting themselves by a chain of conveyances with the title of these persons. If it be true that by the judgment of a court of competent jurisdiction these persons did recover of Bonham the land now in dispute by showing a better title in fee, and the defend-

7

ants derive title from these successful litigants, then the verdict must be for the defendants. To succeed in this proposition, the defendants must show a final judgment upon the question of title and recovery. The record produced shows a verdict in favor of Cleveland and the Hills against Ephraim Bonham, but the judgment entered up thereon is only for damages and costs.

[The judge at first instructed the jury that such a judgment is not conclusive of the question of title, but upon reflection recalled the instruction and charged that the record of the verdict and judgment is such as is conclusive of the question of title then in issue. He then stated to the jury that if the effect of that recovery was to fix the fee of the land in Cleveland and the Hills, it was a singular proceeding that they should enter up judgment for damages and costs, issue execution thereon, and sell the newly recovered land as the property of Ephraim Bonham. If they recovered the fee, such an anomalous proceeding was nugatory and void, because they could not sell their own land to satisfy an execution against Ephraim Bonham.]

Then was their recovery under a tax title? A witness has said something of a tax title, but no one has testified that they were bought originally at a tax sale. In that suit, however, their writ and declaration speak of the land as having been sold for taxes. Such is the allegation of Cleveland and the Hills in their suit against Bonham. Now, if in 1867 they bought this land at a tax sale, they bought for a term of years not exceeding seven. That period having elapsed, the title reverted to Ephraim Bonham or his heirs at law. If under the judgment against Bonham for $35 and costs it was attempted to sell this reversion, the record must so show, or there must be proof of the fact. It was competent so to sell; but the question is, was it done? If so, the levy should show it. It devolves upon the defendants to show by satisfactory proof the fact of the recovery of this land of Ephraim Bonham by those under whom they claim, and the extent of that recovery, both as to the quantity of the land, its metes and bounds, and the quality of the estate therein. They must be able to identify the land recovered to a reasonable certainty, otherwise the plaintiffs here must prevail. If the statements in the record of that suit, and the relative circumstances, satisfy

the jury that Cleveland and the Hills only became the owners of a tax title, the plaintiffs here must recover; but if, on the other hand, the evidence from the record and witnesses satisfies the jury that they bought the fee in the land now in dispute, taking all the proceedings in review, then the verdicts here must be for the defendants.

During the progress of the charge the judge was requested by the defendant's counsel to instruct the jury that there was no evidence that the land was bought by Cleveland and the Hills at a tax sale. This he declined to do, leaving it to the jury to say whether or not the statements in their writ and declaration, and the circumstance of resale, &c., amounted to proof on this subject. He was then requested to instruct the jury that the reversion after the termination of the tax title may have been sold under the execution for $35 and costs. He held that it was competent to have made such a sale, but whether it was so made was a question for the jury, and stated that the levy should show it.

The jury rendered in each case a verdict for the plaintiffs for the land in dispute, and thereafter the plaintiffs entered up their judgment against the defendants. From this judgment the defendants appeal to this court on the grounds stated in the opinion.

*Messrs. Duncan & Sanders, Bobo & Carlisle,* for appellants.

*Mr. J. S. R. Thomson,* contra.

May 9, 1885. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. These actions, for the recovery of real property, involving the same facts and principles of law, were heard together on the Circuit, and will be so considered here. Ephraim Bonham, of Spartanburg County, was seized of a tract of land containing, according to his grant, 418 acres, more or less, of which he was in possession until he died in 1869 intestate. The plaintiffs are his heirs at law, and finding that parts of this land of their ancestor were in the possession of strangers, in 1881 brought three separate actions, one against each of them for the portion claimed by them respectively. The defendants conceded

that Ephraim Bonham once had title to the lands, and that the plaintiffs were his heirs; but they claimed that each of them had title to the parcel in his possession from Robert E. Cleveland and J. L. & A. Hill, as purchasers at a sheriff's sale under some verdict or judgment obtained against the said Ephraim Bonham in his life-time. The real question was, whether that proceeding and the alleged purchase under it divested Ephraim Bonham and his heirs of the title, and transferred it to the said Cleveland and Hills.

It appeared that in October, 1867, Robert E. Cleveland and J. L. & A. Hill commenced an action of trespass to try titles against Ephraim Bonham for a tract of land "containing 286 acres, more or less, being the same as was sold by the sheriff of the district and State aforesaid, by virtue of tax execution against the said defendant, Ephraim Bonham, for State and district taxes." It seems that there was no appearance or defence made, but the declaration has endorsed on it what would seem to be a verdict, in these words: "We find for the plaintiffs the land in dispute and thirty-five dollars damages." When this verdict was rendered does not clearly appear, but at the spring term of 1869 a judgment, in form upon execution of a writ of inquiry, was entered alone for the damages, $35, without making the least reference to the verdict for the land. On this judgment was issued an execution, which was levied on the identical lands which were embraced in the verdict "as the property of Ephraim Bonham at the suit of R. E. Cleveland and J. L. & A. Hill." Under this levy the land was sold by the sheriff on June 7, 1869 (probably after the death of Bonham), and bid off for $5 by the plaintiffs in execution, R. E. Cleveland and J. L. & A. Hill, who took sheriff's title, and the defendants held under them.

The defendants made several requests to charge, which will appear in the exceptions. The jury rendered a verdict for the plaintiffs in each of the cases, and the defendants appeal to this court upon the following exceptions, complaining that the judge erred:

1. "In charging that there was evidence that R. E. Cleveland and the Hills had bought the land in dispute at a tax sale.

2. "In charging that if the suit of R. E. Cleveland and the

Hills against Ephraim Bonham, in the action of trespass to try title for the land now in dispute, was based on a tax title, then they could only have recovered the land for seven years, and defendants' title in this case cannot stand.

3. "In charging that if the jury find that in the action of trespass to try title, the plaintiffs, Cleveland and the Hills, recovered their verdict on a tax title, they, or those claiming under them, could only hold said land for seven years from the date of the recovery, and if the seven years have already expired, their verdict must be for the plaintiffs.

4. "In charging, if the jury believe that the land in dispute was covered by the verdict in the suit of Cleveland and the Hills against Ephraim Bonham in the action of trespass to try titles, their verdict must be for the plaintiffs, if Cleveland and the Hills based their claim to the land on a tax title.

5. "In charging that if Cleveland and the Hills recovered the land in dispute on a tax title and for seven years, the reversion in the land could not be sold to satisfy the judgment for damages and costs unless the levy specified that such reversion had been levied.

7. "In not charging that there was no evidence going to show that, in the suit of Cleveland and the Hills to recover the land now in dispute, the title of the said Cleveland and Hills rested upon a tax title."

In settling the case, the presiding judge stated that exceptions 6, 8, 9, 10, and 11 were founded on a misapprehension of his charge, and, therefore, it is unnecessary to set them out here.

The defendants claimed title in themselves, and the *onus* was upon them to show it. They, however, offered no proof of title outside of the record in the trespass case against Ephraim Bonham, and the deed of the sheriff under the levy and sale in that case; so that the single question was whether those proceedings were sufficient to transfer the title. That record was certainly a very remarkable one, and, as the Circuit Judge said, in some respects embarrassing. There was no sworn proof that the defendant was ever made a party by service of process; no evidence that he appeared or defended; no judgment was entered for the lands, but only for the damages assessed, and the execution issued

thereon was levied upon the identical land embraced in the verdict of the plaintiffs, who became the purchasers at the sheriff's sale for $5.

There is a rule that, generally, purchasers at sheriff's sales are not required to look into the regularity of the process under which the sale is made; but that does not apply when the process is absolutely void, or the purchaser is the plaintiff in execution, and fairly chargeable with notice of the terms of his own process. *Small* v. *Small*, 16 *S. C.*, 72. The judgment, execution, levy, and sale are all links in the chain of title to property purchased at sheriff's sale. All are necessary, and if either is void, the title of the purchaser fails. Cleveland and the Hills, the plaintiffs in the trespass suit, were also purchasers at the sheriff's sale under their own process, and, being chargeable with notice, could not set up inconsistent rights. They could not claim to have title to the land under the verdict, and at the same time as purchasers at the sheriff's sale, for the obvious reason that the two things were absolutely inconsistent. If the verdict gave them title, then there was no interest left in Bonham, which they could levy and sell. They were not invested with title by the naked verdict, which was never put into a formal judgment or enforced by writ of *habere facias possessionem*, and the real question was whether they had title under the sheriff's deed. Then as to the judgment and levy and sale by the sheriff. It is not quite clear that the judgment entered for the damages alone, omitting all reference to the land embraced in the same verdict, was regular and valid, for the reason that it was not in conformity with the verdict. It is very important that there should be consistency in records, and if that rule had been observed in this case, all the subsequent confusion would probably have been avoided; but as the point was not made in the Circuit Court, we will make no ruling upon it.

Exceptions 1, 2, 3, 4, and 7, complain that the judge committed error, in charging that there was some evidence that Cleveland and the Hills purchased the land at a tax sale against Bonham; and that if the jury so found, their recovery was only for seven years, which had expired. Upon that subject the judge charged as follows: "Now, it is very clear that it is the final judgment that concludes all matters in issue between parties

and their privies. It is clear also that the judgment in the former suit speaks only of damages and costs. Hence, I at first instructed the jury, that such a judgment was not conclusive as to the title to the land and the right to possession thereof. But on reflection, considering the verdict of the jury on which it was rendered, I recalled my instruction and charged them that the record in that action was conclusive of matters in issue between the parties. The question was then submitted as to what title was in issue. What right, title, and estate did the plaintiffs in that action seek to enforce against Ephraim Bonham? No evidence of their previous title was introduced in the present action, and the record of former suit and proceedings thereunder alone could be examined to ascertain this fact. Nothing is spoken of in the writ and declaration as causing a loss of the land by Bonham, except that it was sold to pay taxes. This statement and the fact that under the execution issued on the judgment, the same land was again sold as the property of Bonham, the jury were allowed to consider, in determining the extent of the recovery of Cleveland and the Hills. I instructed them that if they found that they recovered only a tax title, it terminated in seven years. 7 *Stat.*, 277."

From the foregoing it will be seen that the judge did not charge as alleged, that there was some evidence that Cleveland and the Hills bought at a tax sale. Nothing was said as to who bought at the tax sale, but that " nothing is spoken of in the writ and declaration as causing a loss of the land by Bonham, except that it was sold to pay taxes." That was literally true according to the record itself. Besides, that was the only view consistent with the acts of the parties, and particularly the omission of the plaintiffs to enter judgment for the land, and allowing the defendant, Bonham, to remain in possession during his life.

Nor do we think it was error to charge the jury that if they found that the land was originally sold under a tax title, as stated in the declaration, and the plaintiffs proved no other title, that their recovery was limited to the term of seven years, under the act of 1791, which provided that " Whenever any collector shall levy on any property of any defaulter, for any tax or duties as aforesaid, he shall not put up for sale in any one lot, more than he believes will be sufficient to pay the sum due by such defaulter,

together with the charges of legal process, * * * and if the sale be made of land, he shall not sell the same for any longer term than seven years." 7 *Stat.*, 277.

Exception 5 complains that the judge committed error in charging "that if Cleveland and the Hills recovered the land in dispute on a tax title and for seven years, the remainder of Ephraim Bonham in said land could not be sold to satisfy the judgment for damages unless the levy specified that such remainder had been levied on." Upon that subject the judge charged as follows: "I also charged the jury that the reversion to Bonham could be levied on and sold under execution, but if such were claimed by the defendants to have been done, they must show it either from the record of the levy and sale or otherwise, and that the levy should show it." A majority of the court think this was error. There is no doubt that a vested remainder or a reversionary interest in land, is the subject of levy and sale under execution before it vests in possession. *Harrison* v. *Maxwell*, 2 *Nott & McC.*, 347. It is also true that ordinarily a levy and sale of the land itself, will carry to the purchaser such interest of the defendant without expressly stating in the levy that the remainder as such is levied. This opinion of a majority of the court makes it necessary to set aside the judgment below, with a view to a new trial.

But I cannot refrain from saying that it seems to me, that this is a peculiar case, and the above rule should not be applied to it. The rule of course should not apply unless the whole proceeding is fair and *bona fide*. I have a strong impression that the circumstances of this case were well calculated to mislead and did actually mislead the public. Suppose the plaintiffs, who directed the whole land levied under their execution, had announced at the sale that they had already recovered the land from Bonham, and notwithstanding this, still ordered it to be sold under the execution, and purchased it for five dollars—that is to say, as it turned out, the reversion therein, can there be a doubt that the sale would have been void? "If a bidder make representations to deter other bidders and is successful in deterring them, his purchase is fraudulent and void and will be set aside." *Rorer Exec. Sales*, § 750, and authorities. It seems to me that the

circumstances here substantially make such a case. The plaintiffs in the trespass case had a verdict on file, in its terms unlimited and absolute, for the very land levied. They were the only persons who knew that that verdict actually gave them the land only for seven years, and that after that time there was a reversion in the defendant, Bonham. The levy gave no hint of the existence of such an interest, which was in fact contradicted by the record. The sheriff's deed is not in the "Brief," but it is there stated that it was in the usual form and conveyed "the land covered by the grant," &c. Under these circumstances I cannot say that it was error in the Circuit Judge to tell the jury that those claiming that the reversion was sold and well conveyed under that levy and sale "should show it either from the record of the levy and sale or otherwise."

The additional grounds upon which the respondent seeks to sustain the judgment below, notwithstanding there may have been error in the charge, cannot be considered. While it is true that a judgment below in a case tried by the court may be affirmed upon other grounds than those upon which the Circuit Judge placed it, the same is not true of a case tried by a jury. If erroneous instructions have been given to the jury, we cannot know that the conclusion reached by the jury was not the result of such instructions, and therefore this court is bound to grant a new trial, even though there may be other correct legal propositions applicable to the case, which, if they had been laid before the jury, might have induced them to find the same verdict: because if such additional instructions are not given and not asked for, we cannot conjecture what effect they would have had upon the minds of the jury. A verdict is the compound result of the legal instructions given to the jury by the court and of their findings of fact applied to the legal principles laid down for their guidance, and if there is error in the instructions, then there is necessarily error in the judgment, and it must be reversed. It is true that there may be a case in which, in any view of the facts, the plaintiff could not recover; and if in such a case there should be some erroneous instructions given to the jury, the judgment below might be sustained, notwithstanding such erroneous instructions. But the present is not such a case.

In accordance with the view of a majority of the court, the judgment of this court is, that the judgment of the Circuit Court be set aside, and the cause remanded for a new trial.

Mr. Chief Justice Simpson and Mr. Justice McIver concurred in the result.